Daniels, J

SEP 07 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE MOODY'S CORPORATION ) Lead Case No. 1:08-cv-9323 (GBD)
SHAREHOLDER ) ECF ACTION
DERIVATIVE LITIGATION )
) (Derivative Action)
)
This Document Relates To: )
)
All Actions )
)

## FINAL ORDER AND JUDGMENT

A final settlement hearing (the "Settlement Hearing") was held before this Court on September 6, 2012 pursuant to this Court's order of July 20, 2012 (the "Preliminary Approval Order"), to determine: (i) whether to grant final approval to the settlement set forth in the Stipulation of Settlement, dated May 17, 2012 (the "Stipulation"), which Stipulation is incorporated herein by reference; (ii) whether to enter the Final Order and Judgment proposed by the Settling Parties; and (iii) whether and/or in what amount to grant Plaintiffs' Counsel's application for an award of fees and reimbursement of expenses. After due and sufficient notice having been given in accordance with the provisions of the Preliminary Approval Order, and an opportunity having been given for any objections to the proposed settlement of the Derivative Actions embodied in the Stipulation (the "Settlement") or the request for attorneys' fees and reimbursement of expenses to be presented to the Court; the Court having heard and considered the matter, including all papers filed in connection therewith, and the oral presentations of counsel and any objections raised at said hearing, and good cause appearing therefor, the Court HEREBY FINDS AND ORDERS as follows:

1

1.  This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings set forth in the Stipulation.

2.  The Court has jurisdiction over the subject matter of the *LMPERS/Sokolowski* Actions and over all parties to the *LMPERS/Sokolowski* Actions.

3.  Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the Settlement set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Moody's Corporation ("Moody's") and its shareholders. The Court further finds that the Settlement is the result of arm's-length negotiations among the Settling Parties. The Court orders that the Stipulation shall be consummated and implemented in accordance with its terms and conditions.

4.  The Court finds for purposes of the Settlement that: (i) the Derivative Actions were brought as shareholder derivative suits pursuant to Federal Rule of Civil Procedure 23.1; and (ii) plaintiffs and Plaintiffs' Counsel fairly and adequately represent the interests of similarly situated shareholders of Moody's.

5.  Pursuant to the Preliminary Approval Order, a form of Summary Notice was approved by the Court. Counsel for Moody's has filed with the Court proof of compliance with the approved notice process. Based on that submission, the Court finds that: (i) a Form 8-K was furnished to the Securities and Exchange Commission regarding the proposed Settlement, including as attachments a copy of the Stipulation, Exhibit A to the Stipulation ("Exhibit A"), and the Summary Notice; (ii) copies of the Form 8-K, with the Stipulation, Exhibit A and the Summary Notice, were posted on Moody's corporate website; and (iii) the Summary Notice was published once in *The Wall Street Journal*. The Court finds that the forms and methods of notice described above satisfy the requirements of the Federal Rules of Civil Procedure and due process,

constitute reasonable notice under the circumstances, and constituted due and sufficient notice to Moody's shareholders of the Settlement and matters to be considered at the Settlement Hearing.

6. The *LMPERS/Sokolowski* Actions and all claims therein are hereby dismissed with prejudice in their entirety, each party to bear its own costs, except as otherwise provided for in paragraph 10 below and in the Stipulation.

7. Plaintiffs in *Flynn* v. *McDaniel, Jr., et al.* and *Nadoff* v. *McDaniel, et al.* will move for dismissal with prejudice of those actions within one business day of the entry of this Judgment.

8. Each of the *LMPERS/Sokolowski* plaintiffs, on behalf of: (i) himself, herself, and/or itself; (ii) each and all members of his, her and/or its families, parent entities, affiliates, or subsidiaries; and (iii) each and all of his, her and/or its respective past, present, or future officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, trust beneficiaries and assigns, shall, by operation of this Judgment, be deemed to have, and shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against the Released Parties; and will be forever barred and enjoined from commencing, instituting, or prosecuting any of the Released Claims.

9. This Settlement shall be a final and complete resolution of all disputes among the Settling Parties with respect to the Derivative Actions and the claims asserted therein. No Settling Party may assert in any forum that the Derivative Actions were brought, commenced, or prosecuted by plaintiffs or their counsel, or defended by the defendants or their counsel, in bad faith or that the Derivative Actions were not filed or raised in good faith or were not settled voluntarily after negotiating at arm's-length and in good faith after consultation with competent legal counsel. No claims of any violation of Rule 11 of the Federal Rules of Civil Procedure

relating to the prosecution, defense, or settlement of the Derivative Actions may be brought by any Settling Party.

10. Plaintiffs' Counsel are hereby awarded attorneys' fees of $ 3,948,106.30, and reimbursement of expenses in the amount of $1,001,093.73. The Court finds that these amounts are fair and reasonable under the facts and circumstances of this case. Moody's will cause to be paid such award, as is approved by the Court, to Plaintiffs' Counsel by check within ten (10) business days of the receipt of notice from Plaintiffs' Counsel of the occurrence of the effective date upon which this judgment becomes final as a matter of law, as that term is defined in ¶ 1.3 of the Stipulation (the "Effective Date"). Such notice will be made in accordance with ¶ 7.16 of the Stipulation to the Counsel for Moody's listed therein (the "Notice of Effective Date"). In the Notice of Effective Date, Plaintiffs' Counsel will provide Moody's payment and delivery instructions. In the event this Judgment is appealed, no later than three months after notice of the appeal is filed, Moody's will cause to be deposited the fee award as approved by the Court into one or more interesting bearing accounts. The approved fee award, plus all interest earned following deposit into the interest bearing account(s), will be paid to Plaintiffs' Counsel within ten (10) business days of the receipt of the Notice of Effective Date.

11. Pending the occurrence of the Effective Date, no person may institute, commence or prosecute any action which asserts Released Claims against any of the Released Parties.

12. This Court has made no findings of liability in the *LMPERS/Sokolowksi* Actions, and neither this Judgment, the Stipulation, any document referred to herein, nor any action taken to carry out the Settlement is or may be construed as a finding or holding as to the validity of any of the Released Claims or an admission by or against the Settling Defendants of any fault, wrongdoing or concession of liability whatsoever.

13. Neither this Judgment, the Stipulation, any document referred to herein, nor any action taken to carry out the Settlement, shall be offered or received into evidence in any action or proceeding in any court or other tribunal for any purpose whatsoever other than to enforce the provisions of this Stipulation, except that they may be filed: (i) as evidence of the Settlement; or (ii) by or at the direction of any of the Released Parties in any action against any of the Released Parties to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

14. Without affecting the finality of the Judgment, the Court hereby retains jurisdiction over the parties to the *LMPERS/Sokolowski* Actions and their respective counsel for the purpose of construing, enforcing and administering the Stipulation's terms and conditions, and over the implementation of the Settlement and Judgment.

SO ORDERED:

DATED: 9/6/12

_____
Honorable George B. Daniels, U.S.D.J.

5